**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | | |
|---|---|---|
| BRYAN TALLEY, | : | **CIV. NO. 19-7258 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| NANCY KOUTCHER, | : | |
| Defendant | : | |

**BUMB, DISTRICT JUDGE**

Plaintiff Bryan Talley was confined in Camden County Correctional Facility in Camden, New Jersey when he brought this civil rights action under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff did not pay the $350 filing fee and $50 administrative fee for a civil action[1] nor did he file an application to proceed without prepayment of fees ("*in forma pauperis*" or "IFP"). 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

---

[1] See 28 U.S.C. § 1914(a); U.S.D.C., District of New Jersey Local Civil Rules, Appendix K.

> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

The Court will administratively terminate this action.[2] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that a grant of IFP status requires payment of the $350.00 filing fee in installments, if available in the prisoner's trust account, regardless of whether the Complaint is dismissed, see U.S.C. § 1915(b)(1), and for the

---

[2] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

reasons discussed below, the Court would dismiss the Complaint upon screening.

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[3]

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering

---

[3] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

3

why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If

4

a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    The Complaint

Plaintiff alleges the following facts in his Complaint, accepted as true for purposes of screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). Plaintiff has been incarcerated in Camden County Correctional Facility since December 29, [2018]. (Compl., ECF No. 1, ¶6.) Defendant Koutcher is Plaintiff's public defender. (Id.) Defendant Koutcher has only visited Plaintiff once, on February 8, 2019, the day of his court date for probation violation. (Compl., ECF No. 1, ¶6.) Defendant Koutcher "stood mute" at all phases of Plaintiff's trial. (Id.) Plaintiff alleges Defendant Koutcher provided him with ineffective assistance of counsel and he seeks appointment of a new attorney. (Id.)[4] At the time Plaintiff filed the instant complaint, he was waiting for a decision from the presiding state court judge and the "head Public

---

[4] This Court lacks jurisdiction to appoint substitute counsel to Plaintiff in his state court criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43-44 (1971) (describing longstanding policy against federal court interference with state court proceedings).

Defender" on his request for appointment of substitute counsel. (Id., ¶5.)

C. Section 1983 Claims

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A public defender is not a "state actor" for purposes of bringing suit under 42 U.S.C. § 1983. Beaver v. Union County Pennsylvania, 619 F. App'x 80, 83 (3d Cir. 2015); see Polk Cnty v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional

6

functions as counsel to a defendant in a criminal proceeding.") If Plaintiff were to reopen this action by paying the filing fee or filing a properly completed IFP application, the Court would dismiss the complaint for failure to state a claim, pursuant to either 28 U.S.C. §§ 1915(e)(2)(B) or 1915A(b).

IV. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action.

An appropriate Order follows.

DATE: April 30, 2019

                              s/Renée Marie Bumb
                              **RENÉE MARIE BUMB**
                              **United States District Judge**